UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRUCE TARVIN, TRUSTEE and MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:05-cv-1267-RLY-TAB |
| BUNN EXCAVATING, INC., | ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT**

On March 27, 2006, Plaintiffs filed a motion for default judgment against Defendant and did not articulate any specific grounds for the relief they sought. [Docket No. 21.] Four days later on March 31, the Court granted Plaintiffs' motion and entered a judgment of default for $209,196.94 against Defendant. [Docket No. 22.] Four months later Defendant filed its motion to set aside the default judgment.[1] [Docket No. 34.] Defendant asserts that the judgment against it should be set aside for several reasons including: it has "valid and meritorious defenses" to Plaintiffs' action, "the amount of the judgment is onerous," and prejudice to Plaintiffs is "minimal." *Id*. Plaintiffs oppose this motion and cite Defendant's two missed Court appearances.[2] For the reasons below, the Magistrate Judge recommends that Defendant's motion

---

[1] This motion was subsequently withdrawn by Defendant [Docket No. 42] and then refiled on June 7, 2007. [Docket No. 48.]

[2] Defendant failed to appear for the February 1, 2006, preliminary injunction hearing and again on February 27 for the show cause hearing.

to set aside the judgment against it be granted.

**II.     Discussion.**

Federal Rule of Civil Procedure 60(b) sets forth the reasons that a Court may grant the relief sought by Plaintiffs.  While the rule articulates several specific reasons a court may set aside a judgment, it may also do so for any "reason justifying relief from the operation of the judgment."  Rule 60(b)(6).  As noted previously by this Court, "The decision to grant relief under Rule 60(b) is left to the sound discretion of the trial court.  And while relief under Rule 60 is an extraordinary remedy and is granted only in exceptional circumstances, the Seventh Circuit has also noted that the philosophy of modern federal procedure favors trials on the merits." *Standard Ins. Co. v. Cole*, 2005 WL 4882772, at *2 (S.D. Ind. 2005) (internal quotations and citation omitted).

Plaintiffs contend that Defendant failed to bear its burden of demonstrating "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."  [Docket No. 57 at p. 5.]  Although Plaintiffs correctly state Defendant's burden, these requirements do not provide a complete picture.  The Seventh Circuit has recently provided applicable guidance for this case in *Sun v. Board of Trustees of University of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007), in which a plaintiff successfully obtained a default judgment only to have the district court vacate it upon motion from the defendant.  The plaintiff appealed and argued that the defendant failed to show good cause for default.  In affirming the vacated default judgment, the Seventh Circuit reminded that "this Circuit has a well established policy favoring a trial on the merits over a default judgment." *Id*. at 811.  The Court further admonished that default is "a weapon of last resort, appropriate only when a party wilfully disregards pending litigation." *Id*.

2

Like the defendant in *Sun*, it does not appear that Defendant in this matter wilfully disregarded the instant litigation. In fact, Defendant believed its legal matters were being fully attended to with respect to this lawsuit. [Docket No. 34, Kaye Bunn Aff.] Only after the company bank account was garnished did Defendant realize this belief was in error. *Id*. Upon such realization, Defendant retained new legal counsel and renewed its motion to set aside the default judgment. The record does not support that Defendant knowingly failed to appear before the Court. Accordingly, the record does not support that Defendant's conduct in missing two court appearances was wilfull.

Moreover, S.D.Ind.L.R. 7.1(a) provides that "an adverse party shall have fifteen (15) days after service of the initial brief in which to serve and file an answer brief . . . ." The record indicates that Plaintiffs filed the motion for default judgment on March 27, 2006, [Docket No. 21], and the Court granted this motion four days later on March 31, 2006, [Docket No. 22]. Thus, Defendant was not afforded the requisite fifteen days to respond before the default judgment was entered.

Finally, Federal Rule of Civil Procedure 55(b)(2) mandates that a party such as Defendant that has appeared in a case "shall be served with written notice of the application for judgment at least three days prior to the hearing on such application." It does not appear in this matter that Defendant received proper notice of the motion for default judgment. While alone this might not warrant setting aside the judgment, when considered in totality with the other circumstances of this matter, and in light of recent Seventh Circuit precedent, the relief sought by Defendant is justified. Consequently, the Magistrate Judge recommends that Defendant's motion to set aside the default judgment against it for $209,196.94 be granted.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within ten days after service shall constitute a waiver of subsequent review, absent a showing of good cause.

Dated:  08/10/2007

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Frederick W. Dennerline III
FILLENWARTH DENNERLINE GROTH & TOWE
fdennerline@fdgtlaborlaw.com

Geoffrey S. Lohman
FILLENWARTH DENNERLINE GROTH & TOWE
glohman@fdgtlaborlaw.com

Charles E. Davis
DAVIS LAW LLC
cdavis@davislawllc.net